UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ANTHONY D. BETSON,       )
   Plaintiff,            )
                         )
vs.                      )    No. 20-1147
                         )
COLIN SUPRUNOWSKI and NORTH  )
PEKIN POLICE DEPARTMENT, )
   Defendants.           )

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a *pro se* prisoner, has filed a complaint pursuant to 42 U.S.C. §1983 against the Pekin Police Department and Officer Colin Suprunowski. On September 27, 2019, Plaintiff says the Defendant Officer stopped him based on a report of "a suspicious person knocking on doors." (Comp., p. 5).

The Defendant asked Plaintiff for his name and his I.D. which Plaintiff provided. Plaintiff also explained what he was doing in the area. Defendant Suprunowski then asked Plaintiff for permission to search him. Plaintiff apparently refused, and the

Defendant continued to ask if he could search. Plaintiff says his Fourth Amendment rights were violated. Plaintiff also notes knocking on doors is not a criminal offense.

It is unclear from the complaint whether the officer ever searched Plaintiff or just asked if he could search. It is also unclear whether Plaintiff left the area, if he was detained for any period of time, or whether Plaintiff was criminally charged after the encounter.[1]

Based on Plaintiff's complaint, Defendant Officer Suprunowski did not violate Plaintiff's rights simply based on stopping him, asking information questions, and asking for his I.D. *See United States v. Drayton*, 536 U.S. 194, 200 (2002)("[l]aw enforcement officers do not violate the Fourth Amendment's prohibition of unreasonable seizures merely by approaching individuals on the street or in other public places and putting questions to them if they are willing to listen.");*U.S. v. Rogers*, 423 Fed.Appx. 636, 638 (7th Cir. 2011)("the Fourth Amendment is not implicated when police officers simply approach a person in public to ask a few questions.").

Plaintiff has also failed to articulate a claim against the Pekin Police Department. In order to hold an individual liable under Section 1983, Plaintiff must "show that the defendants were personally responsible for the deprivation of their rights." *Wilson v. Warren Cty., Illinois*, 2016 WL 3878215, at *3 (7th Cir. 2016). "A defendant is personally responsible 'if the conduct causing the constitutional deprivation occurs at his direction

---

[1] In the relief requested portion of his complaint, Plaintiff does refer to costs at the Tazewell County Jail, but he provides no further information in his complaint.

or with his knowledge and consent.'" *Id. quoting Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). In addition, the mere fact that a defendant was a supervisor is insufficient to establish liability because the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under 42 USC §1983. See *Smith v. Gomez*, 550 F.3d 613, 616 (7th Cir. 2008)(supervisor liability not permitted under § 1983); *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992)( Supervisors are not liable for the errors of their subordinates).

Plaintiff's complaint is therefore dismissed for failure to state a claim upon which relief can be granted. If Plaintiff believes he can articulate a Fourth Amendment claim, he may file an amended complaint within 21 days. The amended complaint must stand complete on its own and must not refer to any previous filing. Plaintiff should clarify whether he gave permission to search, whether he was searched, whether he was arrested, and if he was charged with an offense as a result of the stop. If Plaintiff was criminally charged, Plaintiff must indicate whether those charges are still pending, whether they have been dismissed, or whether Plaintiff has been sentenced.[2]

IT IS THEREFORE ORDERED:

1) Plaintiff's complaint is dismissed for failure to state a claim upon which relief can be granted.

---

[2] Plaintiff is advised if there is a related state court criminal case which is still pending, this Court must stay any proceedings until his state court case is resolved. *See Younger v. Harris,* 401 U.S. 37 (1971)(federal courts must abstain from taking jurisdiction over federal constitutional claims which may interfere with ongoing state proceedings).

2) Plaintiff may file an amended complaint if he believes he can articulate a constitutional violation within 21 days of this order or on or before July 17, 2020.

3) If Plaintiff fails to file his amended complaint on or before July 17, 2020 or fails to follow the Court's directions, his case will be dismissed.

4) Plaintiff is reminded he must immediately notify the Court in writing of any change in his mailing address or phone number.  Failure to provide this information could lead to the dismissal of his lawsuit with prejudice.

5) The Clerk of the Court is to provide Plaintiff with a blank complaint form to assist him and reset the internal merit review deadline within 30 days of this order.

Entered this 25th day of June, 2020.

                                    s/James E. Shadid

                                JAMES E. SHADID
                          UNITED STATES DISTRICT JUDGE